IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CLEVELAND,<br><br>    Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 08-0610 MMC (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

    On January 25, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2006 decision by the California Board of Prison Hearings ("Board") to deny petitioner parole. Thereafter, respondent filed an answer to the petition and petitioner filed a traverse.

    Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the constitutionally required standard of review applicable to the "some evidence" claim raised by petitioner herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1985, in the Superior Court of Los Angeles County ("Superior Court"), petitioner pleaded guilty to first degree murder. He was sentenced to a term of twenty-five years to life in state prison. Petitioner did not appeal his conviction.

Petitioner's third parole suitability hearing, which is the subject of the instant petition, was held on March 15, 2006. At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's social and criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Pet. Ex. D at 65-73.)[1]

After he was denied parole, petitioner filed a petition for a writ of habeas corpus in the Superior Court, challenging the Board's decision. In an opinion issued May 1, 2007, the Superior Court denied relief, finding the Board properly applied state parole statutes and regulations to find petitioner unsuitable for parole, and that some evidence supported the Board's decision. (Ex. A.) Petitioner then filed a petition for a writ of habeas corpus in the California Court of Appeal; the petition was summarily denied on September 25, 2007. (Ex. B.). Petitioner filed a petition for review in the California Supreme Court; the petition was summarily denied on November 28, 2007. (Ex. C.)

Petitioner next filed the instant petition, in which he claims the Board did not provide him with a hearing that met the requirements of federal due process. In particular, petitioner claims the Board's decision to deny parole was not supported by some evidence that petitioner at that time posed a current danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense. Additionally, petitioner claims the Board's decision violated the terms of petitioner's plea agreement.

---

[1] Unless otherwise noted, all exhibits referenced herein are exhibits filed by petitioner in support of the instant petition.

2

**DISCUSSION**

A.   Standard of Review

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, both the California Court of Appeal and California Supreme Court summarily denied review of petitioner's claims. The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B.   Petitioner's Claims

1.   Denial of Due Process

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by

state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

As noted, petitioner claims the Board's decision to deny him a parole date violated his federal constitutional right to due process because the decision was not supported by some evidence that petitioner at such time posed a current danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense. Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures. Id. at 862. In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. "The Constitution," [the Supreme Court has] held, "does not require more." Id.

Here, the record shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke. See id. (finding process adequate where petitioners "were

4

allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Specifically, the record shows the following: petitioner was represented by counsel at the hearing (Ex. D at 2:7-8); petitioner and his counsel were provided with copies of the documents reviewed by the Board at the hearing and also submitted additional documents for the Board's review (id. at 4:15-6:20); the Board read a summary of the commitment offense into the record, and discussed with petitioner the circumstances surrounding his commission of the offense, his personal background, his parole plans, his feelings about the commitment offense and his insights into his behavior (id. at 8:2-36:5); the Board discussed petitioner's achievements and disciplinary record while incarcerated, and the mental health reports prepared for the hearing (id. at 36:9 -50:18); both petitioner and his counsel made statements advocating petitioner's release (id. at 55:1-63:24); petitioner received a thorough explanation as to why the Board denied parole (id. at 65-73).

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 131 S. Ct. at 862-63. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

As the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds no federal due process violation occurred, and accordingly, habeas corpus relief will be denied on this claim.

2. <u>Breach of Plea Agreement</u>

Petitioner next argues that the Board's determination that petitioner was not suitable for parole violated the plea agreement petitioner entered in 1985 in connection with his guilty plea.

Although petitioner raised the instant claim in each of his state habeas petitions, no

state court has addressed the claim in a reasoned opinion.  Where there is no reasoned decision and, as here, the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Harrington v. Richter, 131 S. Ct. 770, 784-84 ( 2011).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an "independent review" of the record.  See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  An "independent review" of the record "is not de novo review of the constitutional issue, but rather, the only method by which [the federal court] can determine whether a silent state court decision is objectively unreasonable."  See id.  In conducting such a review, "a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  Richter, 131 S. Ct. at 786.  Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief."  Id. at 784.

Here, petitioner makes the following allegations in support of his claim:

Petitioner pleaded guilty to first degree murder and received a term of twenty-five years to life.  (Pet. 7:24-26.)  Such plea was in in exchange for dismissal of special circumstance allegations that could have subjected petitioner to the death penalty or life without the possibility of parole.  (Pet. 4:8-14.)  Petitioner was informed by both the prosecutor and defense counsel that if he pleaded guilty and committed no felonies while incarcerated, he would be paroled at his "minimum eligible parole release date of 16 years, 8 months."  (Pet. at 4:12-13.)  Because he was required to serve a two-year term for a gun enhancement, petitioner "reasonably believed that he would therefore serve no more than 18 years, 8 months."  (Pet. at 4:15-16.)

As petitioner, at the time he filed the instant petition, had served more than twenty-two years in prison and committed no felonies while incarcerated, he contends the plea

6

agreement was breached. Petitioner further argues that because the special circumstance allegations were dismissed, the Board was prohibited from relying upon the facts underlying the special circumstance allegations to deny parole.

"[D]ue process rights conferred by the federal constitution allow [a defendant] to enforce the terms of the plea agreement." Brown v. Poole, 337 F. 3d 1155, 1159 ( 9th Cir. 2003). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also Brown, 337 F. 3d at 1159 (holding prosecutor's promise that petitioner would be released on parole after serving half of minimum sentence discipline-free was binding).

It is clearly established federal law that the interpretation of state court plea agreements, and all contractual obligations resulting therefrom, are generally matters of state law. See Buckley v. Terhune, 441 F.3d 688, 694-695 (9th Cir. 2006). "Plea agreements are contractual in nature and are measured by contract law standards." Brown, 337 F. 3d at 1159 (internal quotation and citation omitted). California law requires that courts first look to the plain meaning of the agreement's language. See Buckley, 441 F.3d at 695 (citing Cal. Civ. Code §§ 1638, 1644). "Where it is clear from context what would reasonably have prompted acceptance of the agreement, even in part, no further speculative factual inquiry is needed." Brown, 337 F.3d at 1160.

In determining whether habeas relief is warranted, a district court must consider whether the state court's decision denying relief was "consistent with a proper application of state contract law in interpreting the plea agreement" and, if not, must find "the decision was an 'unreasonable application of' clearly established federal law." Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006). Under California law, "[a] plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ." In re Honesto, 130 Cal. App. 4th 81, 92 ( 2005). Consequently, in order for the state court to determine whether the terms of a plea agreement have been violated, the terms of such agreement must be placed on the record. Id. (finding "no evidentiary basis" for

7

1  petitioner's claim that plea agreement was violated by Board's denial of parole, where
2  petitioner "did not submit a transcript or a declaration from the trial judge, his trial counsel or
3  the prosecutor").

4        Here, there is no evidence in the record that petitioner, in pursuing the instant claim by
5  way of state habeas corpus, presented any state court with evidence of the actual terms of the
6  plea agreement.  In particular, there is no indication in petitioner's state habeas petitions that
7  petitioner submitted therewith any documentary evidence to support his assertions of a
8  breach of the plea agreement, such as a transcript of the plea colloquy or sentencing, a copy
9  of the plea agreement, an abstract of judgment, or even a direct citation to any of the above.

10        Similarly, petitioner has not submitted any evidence to support his claim herein, nor
11  has he provided any reason for his failure to do so.  Consequently, although petitioner states
12  in his verified petition, and again in his traverse, that he was told by both the prosecutor and
13  defense counsel that if he pleaded guilty and committed no felonies while incarcerated he
14  would be paroled at his minimum eligible parole release date, this Court has no way of
15  determining what in fact occurred in state court at the time the plea agreement was entered.
16  In essence, petitioner asks the Court to find the California Supreme Court's determination
17  rejecting his claim was unreasonable, without petitioner's having presented any documentary
18  evidence that reflects an objectively reasonable expectation on petitioner's part, as based on
19  events that occurred some twenty-five years ago.  Cf. Brown, 337 F.3d at 1159-60 (finding
20  plea agreement breached where transcript of plea colloquy clearly showed petitioner relied
21  on prosecutor's promise petitioner would be released on parole after serving half of fifteen-
22  year minimum term provided petitioner did not incur disciplinary infractions)

23        The Court, upon independent review of the record, finds petitioner has failed to
24  provide sufficient evidence to support his claim that the Board's actions violated his plea
25  agreement.  See Hudson v. Kane, 2005 WL 2035590, at *5 (N.D. Cal. 2005) (denying
26  habeas relief; finding Board's denial of parole did not violate plea agreement where terms of
27  plea bargain not disclosed in record before district court); see also Wheeler v. Yarbrough,
28  352 F. Supp. 2d 1085, 1095-96 (C.D. Cal.2005) (rejecting habeas claim for breach of plea

8

agreement where trial court held evidentiary hearing, both trial court and court of appeal had plea agreement and transcript, and petitioner failed to submit any other evidence sufficient to support his interpretation of agreement). Specifically, there is no documentary evidence in the record to show either that, in exchange for petitioner's plea of guilty, the prosecutor promised petitioner he would be released as soon as he had served a term of years equal to his minimum eligible parole date, or that the plea agreement included a promise that the Board would not consider the facts underlying the special circumstance allegations. Based on the absence of such evidence, the Court cannot say petitioner has met his burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784; see Chan v. Kane, 2006 WL 3020906, at *8 (N.D. Cal. 2006), aff'd , 272 Fed. App'x 632 (9th Cir. 2008) (holding state court's determination that Board's unsuitability finding did not violate plea agreement not unreasonable where petitioner did not provide state court with copy of plea agreement or any other documentation in support of his contention).

Accordingly, for the foregoing reasons, the Court concludes the state court's decision denying the instant claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d).

C.   Certificate of Appealability

A certificate of appealability will be denied with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has neither made "a substantial showing of the denial of a constitutional right," Hayward v. Marshall, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc) (citing 28 U.S.C. § 2253(c)(2)), nor demonstrated that his claims are "debatable among reasonable jurists." Id. at 555.

//
//
//
//

9

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: March 28, 2011

                                  MAXINE M. CHESNEY
                                  United States District Judge